FILED

2008 Jan-14  PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

IRMA LINDA JACKSON,
individually and as representative of
all other persons similarly situated,

        Plaintiffs,

v.                                       07-CV-1894-IPJ

TICKETMASTER, a corporation;
TICKETMASTER, L.L.C., a limited
liability company,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Transfer this case to

the United States District Court for the Central District of California pursuant to

28 U.S.C. § 1404(a) (doc. 8).  For the reasons that follow, the court is of the

opinion that the defendants' Motion to Transfer is due to be GRANTED.

### Factual Background

On October 18, 2007, the plaintiff filed this putative nationwide class action

alleging that the defendants willfully violated 15 U.S.C. § 1681c(g) of the Fair and

Accurate Credit Transactions Act ("FACTA").  15 U.S.C. § 1681c(g) prohibits

merchants from printing electronic receipts that contain (1) more than the last five

digits of a credit or debit card number, or (2) the card's expiration date.  FACTA

provides for statutory damages of between $100.00 and $1,000.00, plus attorneys'

fees, for each willful violation.  15 U.S.C. § 1681n(a).  Plaintiff Irma Jackson

alleges that on or around January 5, 2007, she received a receipt displaying the

expiration date of her credit card at the point of sale of a transaction between Ms.

Jackson and defendants Ticketmaster and Ticketmaster, L.L.C. (collectively

"Ticketmaster").  Compl. ¶ 10. On behalf of herself and a nationwide class of

consumers who allegedly received noncompliant receipts from Ticketmaster, the

plaintiff seeks statutory damages for Ticketmaster's allegedly willful violation of

FACTA.  Compl. ¶ 23.

Defendant Ticketmaster is a corporation incorporated under the laws of the

state of Delaware and having its principal place of business in West Hollywood,

California.[1]  Answer ¶ 4.  Defendant Ticketmaster, L.L.C., is a limited liability

company organized under the laws of the state of Virginia and having its principal

place of business in West Hollywood, California.  Answer ¶ 5.

Ms. Jackson is a resident of the state of Alabama.  Compl. ¶ 3.  Her receipt

was printed at a Ticketmaster outlet in Alabama.  Plaintiff's response at 6.  The

---

[1]West Hollywood, California is located in the Central District of California.

putative class has received alleged noncompliant receipts at points of sale throughout the United States.  Compl. ¶ 12 & 16.

## Discussion

Defendants move to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California.  28 U.S.C. § 1404(a) provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

Before transferring an action, the court must determine whether the case could have been originally brought in the transferee court.  Here, venue would be proper in the Central District of California because Ticketmaster's corporate headquarters are located there.  *See* 28 U.S.C. § 1391(b).

In determining whether to transfer a case, the court should consider factors such as: (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel

presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; and (6) the public interest. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

The court finds that this case should be transferred to the United States District Court for the Central District of California because it would be a far more convenient forum for litigating this case. Ms. Jackson argues that her choice of forum should not be disturbed because, as the plaintiff, her choice of forum is entitled to great deference. While Ms. Jackson is correct that the plaintiff's choice of forum is usually accorded deference, the weight accorded to Ms. Jackson's choice of forum is considerably reduced by the fact that she brought this case as a nationwide class action. *See Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524 (1947); *Barnett v. Alabama*, 171 F.Supp.2d 1292, 1295 (S.D. Ala. 2001). Furthermore, Ms. Jackson's role in this litigation is likely to be quite minimal and the defendants have agreed to take her deposition in Alabama if the case is transferred to California. Defendants' Brief in Support of Motion to Transfer at 14 n. 5.

Ease of access to sources of proof also favors transferring this case to California. Although Ms. Jackson's allegedly noncompliant receipt was printed in Alabama, the receipt was printed by an electronic payment machine that operates software created and maintained by Ticketmaster in California. Pike dec. ¶ 5. No

employee from the Birmingham Ticketmaster office has any responsibility for the programming of Ticketmaster's electronic payment machines or the software operating on those machines. *Id*. at ¶ 8.  Moreover, Ticketmaster has stated that nearly all the relevant documents are located in California, with a small percentage of the documents located in Phoenix, Arizona. *Id*. at ¶ 9.

The convenience of the witnesses, the availability of process to compel unwilling witnesses, and the cost of obtaining the presence of witnesses all make California a more convenient forum for litigating this case.  This is especially true in this case where the plaintiff must prove that the defendants' willfully violated FACTA.  Therefore, the key witnesses in this case will be the defendants' employees who are responsible for complying with FACTA.  Ticketmaster employees located in California make all final decisions pertaining to the electronic payment machines that are operated at Ticketmaster outlets nationwide. Pike dec. ¶ 6.  The software operating on Ticketmaster's electronic payment machines is maintained and updated by Ticketmaster employees in Phoenix, Arizona, who are under the ultimate supervision of Ticketmaster employees in California. *Id*. at ¶ 7.  Thus, California is a more convenient forum for the witnesses that the plaintiff will have to rely on to prove the defendants willfully violated FACTA.

For the above reasons, the defendants' motion to transfer is hereby

**GRANTED**.  It is therefore **ORDERED** that this case is **TRANSFERRED** to the

United States District Court for the Central District of California pursuant to this

court's discretion under 28 U.S.C. § 1404(a).

   **DONE** and **ORDERED** this the 14th day of January 2008.


INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE